IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                      CRIMINAL NO. 2:19-cr-00126

JOHN EDWARD ROACH, II

RESPONSE OF THE UNITED STATES OF AMERICA
TO DEFENDANT'S STANDARD DISCOVERY REQUESTS AND
REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Rule 16.1(a) of the Local Rules of Criminal Procedure, and the Arraignment Order and Standard Discovery Request entered by the Court in this case on May 20, 2019, the United States of America, by counsel, herewith responds to each of defendant's Standard Discovery Requests as follows:

**Request A: Disclose to defendant the substance of any relevant oral statement made by defendant, whether before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial. [Fed. R. Crim. P. 16(a)(1)(A)]**

**Response.** The United States has disclosed the following, which contain the substance of defendant's relevant oral statements:

1.   The DEA 6 reports referenced at item 7 in the response to Request E.

2.   Transcripts of the recorded phone calls referenced at item 3
     in the response to Request B(i).

     **Request B:   Disclose to defendant and make available for
inspection, copying or photographing, all of the following:**

     **(i)   Any relevant written or recorded statement by the
defendant if the statement is within the government's possession,
custody, or control; and the attorney for the government knows--
or through due diligence could know--that the statement exists.
[Fed. R. Crim. P. 16(a)(1)(B)(i)]**

     **Response.**   The United States has disclosed the following,
which contain relevant written and recorded statements by the
defendant:

1.   A video recording of a Mirandized interview with defendant on
     April 11, 2019.

2.   A video recording of defendant's meeting with an undercover
     police investigator on April 11, 2019.

3.   Five audio recordings of defendant's conversations with an
     undercover police investigator (from April 10, 2019, and
     April 11, 2019).

4.   An advice of rights form signed by defendant on April 11,
     2019.

     **(ii)   The portion of any written record containing the
substance of any relevant oral statement made before or after
arrest if the defendant made the statement in response to
interrogation by a person the defendant knew was a government
agent.   [Fed. R. Crim. P. 16(a)(1)(B)(ii)]**

2

**Response.**  See responses to Requests A and B(i).


**(iii)  The defendant's recorded testimony before a grand jury relating to the charged offense.  [Fed. R. Crim. P. 16(a)(1)(B)(iii)]**

**Response.**  Not applicable.


**Request C:  Where the defendant is an organization, e.g., a corporation, partnership, association or labor union, disclose to the defendant any statement described in Fed. R. Crim. P. 16(a)(1)(A) and (B), if the government contends that the person making the statement (i) was legally able to bind the defendant regarding the subject of the statement because of that person's position as the defendant's director, officer, employee, or agent; or (ii) was personally involved in the alleged conduct constituting the offense and was legally capable to bind the defendant regarding that conduct because of that person's position as the defendant's director, officer, employee, or agent.  [Fed. R. Crim. P. 16(a)(1)(C)]**

**Response.**  Not applicable.


**Request D:  Furnish the defendant with a copy of defendant's prior criminal record that is within the government's possession, custody, or control if the attorney for the government knows--or through due diligence could know--that the record exists.  [Fed. R. Crim. P. 16(a)(1)(D)]**

**Response.**  The United States has disclosed defendant's criminal history as recorded in an NCIC report.


**Request E:  Permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, building or places, or copies or portions of any of those items, if the item is within the government's possession, custody or control, and (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to defendant.  [Fed. R. Crim. P. 16(a)(1)(E)]**

**Response.**   The United States has disclosed:

1.   A video recording of an interview with inmate B.L.B. on April 23, 2019.

2.   Photocopies of money seized from defendant after his arrest on April 11, 2019.

3.   Photocopies of money before its controlled delivery to defendant on April 11, 2019.

4.   Drug evidence processing photos from April 11, 2019.

5.   Photos of the scene of defendant's arrest on April 11, 2019.

6.   A submission form for the methamphetamine delivered to defendant (originally submitted April 27, 2016).

7.   DEA 6 reports prepared: April 12, 2019; April 24, 2019; and May 1, 2019;

8.   A DEA 7 report prepared April 17, 2019.

9.   An advice of rights form signed by B.L.B. on April 23, 2019.

**Request F:  Permit the defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific tests or experiment if (i) the item is within the government's possession, custody, or control; (ii) the attorney for the government knows--or through due diligence could know--that the item exists; and (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial.  [Fed. R. Crim. P. 16(a)(1)(F)]**

**Response.**   The United States has disclosed a West Virginia State Police Forensic Laboratory report dated May 26, 2016.

4

**Request G:  Give to the defendant a written summary of any testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under Federal Rules of Criminal Procedure 16(b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. [Fed. R. Crim. P. 16(a)(1)(G)]**

**Response.**  The United States will use the testimony of Forensic Analyst Carrie J. Kirkpatrick, who will opine that the substance delivered to defendant on April 11, 2019, was methamphetamine.  Ms. Kirkpatrick originally identified the methamphetamine through the Marquis color test and gas chromatography/mass spectrometry.  The United States will disclose Ms. Kirkpatrick's curriculum vitae, detailing her qualifications as a forensic analyst.

**Request H:  Disclose to defendant all evidence favorable to defendant, including impeachment evidence, and allow defendant to inspect, copy or photograph such evidence.**

**Response.**  The United States is not aware of any evidence favorable to defendant.

**Request I:  Notify defendant of all evidence the government intends to introduce pursuant to Rule 404(b) of the Federal Rules of Evidence.**

**Response.**   The United States does not intend to present any evidence pursuant to Rule 404(b).   However, if such material is discovered, the United States will timely notify defendant.

**Request J:  Disclose to defendant all reports of government "mail cover," insofar as the same affects the government's case against the defendant or any alleged aiders and abettors or co-conspirators.**

**Response.**   Not applicable.

**Request K:  Disclose to defendant any matter as to which the government will seek judicial notice.**

**Response.**   The United States will seek judicial notice that (1) Kanawha County is within the Southern District of West Virginia; and (2) methamphetamine is a Schedule II controlled substance.

**Request L:  Disclose to defendant and make available for inspection, copying or photographing, the results of any interception of a wire, oral or electronic communication in the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence could become known, to the attorney for the government, which contains any relevant statement made by the defendant or which is material to the preparation of the defendant's defense or which is intended for use by the government as evidence in its case-in-chief at the trial.  For each such interception, disclose (1) any application for an order authorizing the interception of a wire or oral communication; (2) any affidavits filed in support thereof; and (3) any court order authorizing such interception.**

**Response.**   Not applicable.

**Request M:   Provide notice to defendant of the government's intention to use evidence pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure.**

**Response.**  The United States reserves the right to use all information and evidence disclosed herein or made available for inspection and copying pursuant to this Response and such information and evidence which may be discovered and finally provided to defendant.

Any discovery provided that is not mandated by Court order, the Federal Rules of Criminal Procedure, federal statute, or federal case law, is provided voluntarily as a matter of discretion solely to expedite and facilitate litigation of this case.

### REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY

Pursuant to Rules 16.1(b) and 16.1(d) of the Local Rules of Criminal Procedure, the United States of America requests that defendant provide all applicable reciprocal discovery within 14 days of the service of this response and the provision of materials requested by defendant in the Standard Discovery Request.

Respectfully submitted,

MICHAEL B. STUART
United States Attorney

By:  /s/ *Drew O. Inman*
    DREW O. INMAN
    Assistant United States Attorney
    NM Bar No. 145990
    300 Virginia Street, East
    Room 4000
    Charleston, WV 25301
    Telephone: 304-345-2200
    Fax: 304-347-5104
    Email: Drew.Inman@usdoj.gov

8

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "RESPONSE OF THE UNITED STATES OF AMERICA TO DEFENDANT'S STANDARD DISCOVERY REQUESTS AND REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 3rd day of June, 2019, to:

Mark S. Plants, Esq.
Plants Law Offices
625 D Street
Charleston, WV 25303

/s/ *Drew O. Inman*
DREW O. INMAN
Assistant United States Attorney
NM Bar No. 145990
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: Drew.Inman@usdoj.gov