# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                                                    **CRIMINAL NO. 2:19-cr-00126**

**JOHN EDWARD ROACH, II**

### GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Comes now the United States of America, by Drew O. Inman, Assistant United States Attorney for the Southern District of West Virginia, and submits the following proposed jury instructions.

Respectfully submitted,

MICHAEL B. STUART
United States Attorney

By:   /s/ *Drew O. Inman*
      DREW O. INMAN
      Assistant United States Attorney
      NM Bar No. 145990
      300 Virginia Street, East
      Room 4000
      Charleston, WV 25301
      Telephone: 304-345-2200
      Fax: 304-347-5104
      Email: Drew.Inman@usdoj.gov

**GOVERNMENT'S PROPOSED INSTRUCTION NO. \_\_\_**

**<u>POSSESSION WITH INTENT TO DISTRIBUTE
(21 U.S.C. § 841(a)(1))</u>**

The Indictment charges that on or about April 11, 2019, at or near Charleston, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendant JOHN EDWARD ROACH, II, knowingly and intentionally possessed with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

This offense is in violation of Title 21, United States Code, Section 841(a)(1) which provides, in pertinent part:

> [I]t shall be unlawful for any person knowingly or intentionally to . . . possess with intent to distribute . . . a controlled substance.

**GOVERNMENT'S PROPOSED INSTRUCTION NO. \_\_\_**

**ELEMENTS OF POSSESSION WITH
INTENT TO DISTRIBUTE (21 U.S.C. § 841(a)(1))**

There are two elements to this offense that the government must prove:

**FIRST:** That the defendant, JOHN EDWARD ROACH, II, did possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, as alleged in the Indictment; and

**SECOND:** That the defendant did so knowingly and intentionally.

**GOVERNMENT'S PROPOSED INSTRUCTION NO. \_\_\_**

**ACTUAL AMOUNT NEED NOT BE PROVED**

The Indictment alleges that the defendant possessed with intent to distribute "50 grams or more" of a controlled substance. The evidence need not establish a specific amount or quantity of the controlled substance involved, but only that defendant possessed with intent to distribute "50 grams or more," as charged in the Indictment.

**GOVERNMENT'S PROPOSED INSTRUCTION NO. \_\_\_**

**"POSSESSION" DEFINED**

Possession is defined as follows: The law recognizes two types or kinds of possession -- actual possession and constructive possession. A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, although not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is said to be in constructive possession of it.

The law recognizes also that possession may be sole or it may be joint. If a person alone has actual or constructive possession of a thing, then possession is said to be sole or single. If two or more persons share actual or constructive possession of a thing, then possession is said to be joint.

Now, you may find the element of possession, as that term is used here in these instructions, is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with other persons.

**GOVERNMENT'S PROPOSED INSTRUCTION NO. \_\_\_**

**<u>INTENT TO DISTRIBUTE (21 U.S.C. § 841(a)(1))</u>**

Intent to distribute need not be proven by direct evidence; it may be inferred from circumstantial evidence such as the quantity of the controlled substance and the value of the controlled substance.

**GOVERNMENT'S PROPOSED INSTRUCTION NO. \_\_\_**

**DEFINITIONS: WORDS AND TERMS**

**"KNOWINGLY"**

An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason. The purpose of adding the word "knowingly" is to ensure that no one will be convicted for an act done because of mistake, or accident, or other innocent reason.

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. \_\_\_**

**<u>WILLFUL BLINDNESS</u>**

The element of knowledge may be satisfied by inferences drawn from proof that a defendant deliberately closed his eyes to what would otherwise have been obvious to him. A finding beyond a reasonable doubt of a conscious purpose to avoid enlightenment would permit an inference of knowledge. Stated another way, a defendant's knowledge of a fact may be inferred from willful blindness to the existence of a fact. A showing of negligence or mistake is not sufficient to support a finding of willfulness or knowledge.

It is entirely up to you as to whether you find any deliberate closing of the eyes and inferences to be drawn from any such evidence.

Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina*, p. 623 (2015 Online Edition); *see United States v. Cogdell*, 844 F.2d 179, 181 (4th Cir. 1988), *abrogated on other grounds by Brogan v. United States*, 522 U.S. 398 (1998); *see United States v. Ruhe*, 191 F.3d 376, 384 (4th Cir. 1999).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. \_\_\_**

**DEFINITIONS: WORDS AND TERMS**

**"INTENTIONALLY"**

To commit an act intentionally is to do so deliberately and not by accident.

It is reasonable to infer that a person ordinarily intends the natural and probable consequences of acts knowingly done.  You may draw the inference that the defendant intended all of the consequences which one standing in like circumstances and possessing like knowledge should reasonably have expected to result from any act knowingly done by the defendant.  Any such inference drawn is entitled to be considered by the jury in determining whether or not the United States has proven beyond a reasonable doubt that the defendant acted knowingly or intentionally.

Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina*, p. 610 (2015 Online Edition); *see United States v. Silva*, 745 F.2d 840, 850-51 (4th Cir. 1984); *United States v. Arthur*, 544 F.2d 730, 737 (4th Cir. 1976).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. \_\_\_**

**<u>EVIDENCE INFERENCES - DIRECT AND CIRCUMSTANTIAL</u>**

There are two types of evidence from which you may find the truth as to the facts of a case -- direct and circumstantial evidence. Direct evidence is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness.

Circumstantial evidence is where one fact or a chain of facts gives rise to a reasonable inference of another fact. If one fact or group of facts on the basis of common sense and common experience leads you logically and reasonably to infer other facts, then this is circumstantial evidence. Circumstantial evidence is no less valid and no less weighty than direct evidence provided that the inferences drawn are logical and reasonable. In a criminal case where a defendant's state of mind is at issue, where there are questions of what the defendant intended or what his purpose was, circumstantial evidence is often an important means of proving what the state of mind was at the time of the events in question. Sometimes it is the only means of proving state of mind.

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

10

The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence.  Do not be concerned about whether evidence is 'direct evidence' or 'circumstantial evidence.'  You should consider and weigh all of the evidence that was presented to you.

Pattern Jury Instructions of the District Judges Association of the Fifth Circuit, Criminal Cases, Instruction No. 1.08 (1990); 1Devitt, Blackmar, Wolff & O'Malley, *Federal Jury Practice and Instructions*, § 12.04 at 338-40 (4th ed. 1992);   *United States v. Dizdar*, 581 F.2d 1031, 1036-37 (2d Cir. 1978).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. \_\_\_**

**"ON OR ABOUT" -- PROOF OF**

You will note the Indictment charges that the offense was committed "on or about" a certain date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

**GOVERNMENT'S PROPOSED INSTRUCTION NO. \_\_\_**

**"AT OR NEAR" -- PROOF OF**

You will note the Indictment charges that the offense was committed "at or near" a certain location. The proof need not establish with certainty the exact location of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed at a location reasonably near the location alleged.

13

**GOVERNMENT'S PROPOSED INSTRUCTION NO. \_\_\_**

**SYMPATHY**

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the Indictment and the denial made by the Not Guilty plea of the defendant. This must be decided on the evidence that is presented in this case and not from anything else.

You are to perform this duty without bias or prejudice as to any party. You are not permitted to be governed by sympathy or public opinion. Both the defendant and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court and reach a just verdict, regardless of the consequences.

14

**GOVERNMENT'S PROPOSED INSTRUCTION NO. \_\_\_**

**JUDICIAL NOTICE**

During the course of this trial, the Court took judicial notice of the fact that the City of Charleston is located in Kanawha County, within the Southern District of West Virginia; and that methamphetamine, its salts, isomers, and salts of its isomers, is a Schedule II controlled substance. We know these facts to be true.

Since this is a criminal case, you may, but are not required to accept as conclusive, any facts of which the Court has taken judicial notice. If you choose to accept, as conclusive, any facts which the Court has judicially noted, then such facts may be regarded as evidence in the case without further proof, and are to be weighed by you along with other evidence in the case.

**CERTIFICATE OF SERVICE**

    It is hereby certified that the foregoing GOVERNMENT'S PROPOSED JURY INSTRUCTION have been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this the 16th day of July, 2019, to:

        Mark S. Plants, Esq.
        Plants Law Offices
        625 D Street
        Charleston, WV 25303

        /s/ *Drew O. Inman*
        DREW O. INMAN
        Assistant United States Attorney
        NM Bar No. 145990
        300 Virginia Street, East
        Room 4000
        Charleston, WV 25301
        Telephone: 304-345-2200
        Fax: 304-347-5104
        Email: Drew.Inman@usdoj.gov