*United States Department of Justice*

*United States Attorney*
*Southern District of West Virginia*

FILED
AUG 1 3 2019
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
1-800-659-8726

Mailing Address
Post Office Box 1713
Charleston, WV 25326
304-345-2200
FAX: 304-347-5104

July 17, 2019

Mark S. Plants, Esquire
Plants Law Office
625 D Street
South Charleston, WV 25303

    Re: *United States v. John Edward Roach, II*
       Criminal No. 2:19-cr-00126 (USDC SDWV)

Dear Mr. Plants:

  This will confirm our conversations with regard to your client, John Edward Roach, II (hereinafter "Mr. Roach"). As a result of these conversations, it is agreed by and between the United States and Mr. Roach as follows:

  1. **PENDING CHARGES.** Mr. Roach is charged in a single-count indictment with a violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (possession with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine).

  2. **RESOLUTION OF CHARGES.** Mr. Roach will plead guilty to a violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (possession with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine) as charged in said indictment.

  3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Roach will be exposed by virtue of this guilty plea is as follows:

    (a) Imprisonment for a period of a mandatory minimum of 5 years to 40 years;

*JER*
_____
Defendant's Initials

Mark S. Plants, Esquire
July 17, 2019                                Re: John Edward Roach, II
Page 2

    (b)    A fine of $5,000,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c)    A term of supervised release of at least 4 years;

    (d)    A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013;

    (e)    Pursuant to 21 U.S.C. § 862(a)(1), the Court may deny certain federal benefits to Mr. Roach for a period of up to 5 years; and

    (f)    Restitution as may be ordered by the Court pursuant to 18 U.S.C. §§ 3663 and 3664.

    4.    **SPECIAL ASSESSMENT.** Prior to the entry of a plea pursuant to this plea agreement, Mr. Roach will tender a check or money order to the Clerk of the United States District Court for $100, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Mr. Roach will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If Mr. Roach fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Roach.

    5.    **PAYMENT OF MONETARY PENALTIES.** Mr. Roach authorizes the Financial Litigation Unit in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Mr. Roach agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that

                                                                                                    _JER_
                                                                                  Defendant's
                                                                                  Initials

Mark S. Plants, Esquire
July 17, 2019                       Re: John Edward Roach, II
Page 3

does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Roach further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

    Mr. Roach authorizes the United States, through the Financial Litigation Unit, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

    In addition to any payment ordered by the Court, Mr. Roach shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

    Mr. Roach agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Unit, P.O. Box 1713, Charleston, West Virginia 25326-1713, in writing and shall instruct his attorney to notify FLU immediately of his representation.

    6.   **COOPERATION.** Mr. Roach will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Roach may have counsel present except when appearing before a grand jury.

_JER_<br>Defendant's<br>Initials

Mark S. Plants, Esquire
July 17, 2019
Page 4
                        Re: John Edward Roach, II

7. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Roach, and except as expressly provided for in paragraph 9 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

8. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Roach for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Roach for perjury or false statement if such a situation should occur pursuant to this agreement.

9. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Roach stipulate and agree that the facts comprising the offense of conviction include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

Mr. Roach agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the indictment, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States' case-in-chief, in cross-examination of Mr. Roach or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Roach knowingly and voluntarily waives, see *United States v. Mezzanatto*, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach

                                               *JER*
                                           Defendant's
                                           Initials

Mark S. Plants, Esquire
July 17, 2019                               Re: John Edward Roach, II
Page 5

of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Roach understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

10. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Mr. Roach agree that the following provisions of the United States Sentencing Guidelines apply to this case.

<u>USSG §2D1.1</u>

| | | |
|---|---|---|
| Base offense level | 24 | 2D1.1(c)(8), based on at least 50 G but less than 200 G of methamphetamine |
| | +2 | 2D1.1(b)(4), object to distribute in a correctional facility |
| Adjusted offense level | 26 | Prior to consideration for acceptance of responsibility and the safety valve reduction |

The United States and Mr. Roach acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

                                                    _JER_ (initials)
                                                    Defendant's
                                                    Initials

Mark S. Plants, Esquire  
July 17, 2019  
Page 6  

Re: John Edward Roach, II

11. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Roach knowingly and voluntarily waives the right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment, fine, or term of supervised release is below or within the Sentencing Guideline range corresponding to offense level 26, regardless of criminal history category. Mr. Roach also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction 21 U.S.C. § 841(a)(1) is unconstitutional, and (2) Mr. Roach's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of the 21 U.S.C. § 841(a)(1).

The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is within or above the Sentencing Guideline range corresponding to offense level 23, regardless of criminal history category.

Mr. Roach also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

_____  
Defendant's Initials

Mark S. Plants, Esquire
July 17, 2019                       Re: John Edward Roach, II
Page 7

      The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

      12. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Roach knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

      13. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Mr. Roach;

(f) Advise the Court concerning the nature and extent of Mr. Roach's cooperation; and

(g) Address the Court regarding the issue of Mr. Roach's acceptance of responsibility.

                                                     _JER_
                                                     Defendant's
                                                     Initials

Mark S. Plants, Esquire
July 17, 2019                                   Re: John Edward Roach, II
Page 8

    14. **VOIDING OF AGREEMENT.** If either the United States or Mr. Roach violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

    15. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Roach in this matter. There are no agreements, understandings, or recommendations as to any other pending or future charges against Mr. Roach in any Court other than the United States District Court for the Southern District of West Virginia.

    Acknowledged and agreed to on behalf of the United States:

                                      MICHAEL B. STUART
                                      United States Attorney

                    By: *[signature]*
                                  DREW O. INMAN
                                  Assistant United States Attorney

DOI/ajc

                                                *JER*
                                             Defendant's
                                             Initials

Mark S. Plants, Esquire
July 17, 2019                                      Re: John Edward Roach, II
Page 9


I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 9-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement; that no promises or inducements have been made to me other than those in this agreement; and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____              _____
John Edward Roach, II                                    Date Signed
Defendant                                                    7-31-19

_____              _____
Mark S. Plants, Esquire                                  Date Signed
Counsel for Defendant                                        7/31/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:19-cr-00126

JOHN EDWARD ROACH, II

## STIPULATION OF FACTS

The United States and John Edward Roach, II (hereinafter "defendant" and "I") stipulate and agree that the facts comprising the offense of conviction (in the Indictment in the Southern District of West Virginia, Criminal No. 2:19-cr-00126), include the following:

In approximately late March of 2019, I was working as a corrections officer at the South Central Regional Jail ("SCRJ") in Charleston, West Virginia, which is in the Southern District of West Virginia. During this time, an inmate, B.B., began soliciting me to bring contraband into the jail for him. Ultimately, I agreed to bring contraband to B.B. for $2,000. B.B. gave me a number to contact to coordinate the delivery. I contacted the number B.B. provided, and on or about April 4, 2019, I met with an unknown woman who paid me $2,000 and gave me a package to smuggle into the SCRJ. I ultimately brought the package to B.B.'s cell in the SCRJ by hiding it in my pant leg.

On April 9, 2019, B.B. gave me a new number to arrange another delivery of contraband. Using the number, I made contact with an undercover police informant, and we coordinated a meeting on April 11, 2019, for me to receive "ice" to deliver to B.B. On April 11, 2019, I met with another undercover police investigator in their vehicle in a Walmart parking lot on Mountaineer Boulevard in Charleston, near the SCRJ. The investigator handed me the contraband and cash payment in a bag, which I peered into. I believed the contraband to be a controlled substance, most likely methamphetamine. I intended to distribute the contraband to B.B. inside the SCRJ. After I obtained the contraband and exited the investigator's vehicle, I was arrested.

**PLEA AGREEMENT EXHIBIT A**

This Stipulation of Facts does not contain each and every fact known to defendant and to the United States concerning his involvement and the involvement of others in the charges set forth in the Indictment.

Stipulated and agreed to:

_____      7-31-19
JOHN EDWARD ROACH, II                Date
Defendant

_____      7/31/19
MARK S. PLANTS, ESQUIRE           Date
Counsel for Defendant

_____      8/13/2019
DREW O. INMAN                      Date
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT A**