UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA**

v.     Criminal No.: 2:19-00126

**JOHN EDWARD ROACH, II**

### DEFENDANT'S AMENDED SENTENCING MEMORANDUM

Mr. Roach pled guilty to one count of Possession with Intent to Distribute 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, a Schedule II Controlled Substance in violation of 21 U.S.C. Section 841 (a)(1) which carries a minimum term of imprisonment of 5 years and a maximum term of imprisonment of 40 years. However, Mr. Roach meets the criteria set forth in 18 U.S.C. 3553(f)(1)-(5) therefore the Court may impose a sentence without regard to any statutory minimum sentence. *PSI ¶ 85.* Based on the total offense level of 21 and a criminal history category of 1, the guideline for imprisonment is 37 to 46 months. *PSI ¶ 85.* Mr. Roach is ineligible for probation because the offense is a Class B Felony pursuant to 18 U.S.C. § 3561(a)(1).

For the reasons set forth in this memorandum counsel suggests a sentence of a month incarceration followed by a period of supervised release with the additional term and condition of home confinement. Such a sentence appears "reasonable" and is in harmony with the guidelines which place weight on an individual's circumstances, lack of criminal history, employment history, circumstances surrounding the crime, and the aberrational nature of the act.

District courts have discretion in determining sentences according to the provisions of 18 U.S.C. § 3553(a). *United States v. Booker*, 543 U.S. 220, at 259-60(2005). Section 3553(a)(2) states that a district court should impose a sentence sufficient, but not greater than necessary . . .

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed . . . training, medical care, or other correctional treatment . . . . Section 3553(a) further provides that the district court should weigh factors such as "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the kinds of sentences available;" "the [applicable] sentencing range[;]" the articulated policy goals of the guidelines; "the need to avoid unwarranted sentence disparities" among similar defendants; and "the need to provide restitution to any victims of the offense." § 3553(a)(1), (3)-(7).

The guidelines are now merely one of the factors that the Court must consider in sentencing:

> Now when a district court imposes and we review a sentence for reasonableness, the focal point is on 18 U.S.C. § 3553(a) (footnote omitted). In Section 3553(a), there are numerous factors for a court to consider and under Booker's remedial holding, the sentencing guideline range is one of those factors. That is, while the guidelines remain important, they are now just one of the numerous factors that a district court must consider when sentencing a defendant. See e.g., *United States v. Webb*, 403 F.3d 373 (6th Cir. 2005) ("While a district court must still give some consideration to the appropriate guideline range when making a sentencing determination, a court is no longer bound by the applicable guidelines.") . . .
>
> Once the appropriate advisory guideline range is calculated, the district court throws this ingredient into the Section 3553(a) mix. Considering, as Booker requires, all of the relevant Section 3553(a) factors, including the guideline range, the district court then imposes a sentence.

*United States v. McBride*, 434 F.3d 470, 475-76 (6th Cir. 2006).

## Title 18 U.S.C. § 3553(a) Factors

<u>Nature and circumstances of the offense</u>

On April 11, 2019, the defendant obtained a package containing 4 ounces (113.4 grams) of methamphetamine from an undercover officer intending to smuggle it into the South-Central

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed . . . training, medical care, or other correctional treatment . . . . Section 3553(a) further provides that the district court should weigh factors such as "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the kinds of sentences available;" "the [applicable] sentencing range[;]" the articulated policy goals of the guidelines; "the need to avoid unwarranted sentence disparities" among similar defendants; and "the need to provide restitution to any victims of the offense." § 3553(a)(1), (3)-(7).

The guidelines are now merely one of the factors that the Court must consider in sentencing:

> Now when a district court imposes and we review a sentence for reasonableness, the focal point is on 18 U.S.C. § 3553(a) (footnote omitted). In Section 3553(a), there are numerous factors for a court to consider and under Booker's remedial holding, the sentencing guideline range is one of those factors. That is, while the guidelines remain important, they are now just one of the numerous factors that a district court must consider when sentencing a defendant. See e.g., *United States v. Webb*, 403 F.3d 373 (6th Cir. 2005) ("While a district court must still give some consideration to the appropriate guideline range when making a sentencing determination, a court is no longer bound by the applicable guidelines.") . . .
>
> Once the appropriate advisory guideline range is calculated, the district court throws this ingredient into the Section 3553(a) mix. Considering, as Booker requires, all of the relevant Section 3553(a) factors, including the guideline range, the district court then imposes a sentence.

*United States v. McBride*, 434 F.3d 470, 475-76 (6th Cir. 2006).

## Title 18 U.S.C. § 3553(a) Factors

<u>Nature and circumstances of the offense</u>

On April 11, 2019, the defendant obtained a package containing 4 ounces (113.4 grams) of methamphetamine from an undercover officer intending to smuggle it into the South-Central

Regional Jail. *PSI ¶ 17*. According to the investigation, the defendant smuggled another package containing tobacco into the reginal jail on or about April 10, 2019. *Id.* Mr. Roach was completely forthright and cooperative with law enforcement officers immediately following his arrest. *PSI ¶ 12*. The crime for which Mr. Roach stands convicted is serious in nature. But for the reasons that follow, Mr. Roach would assert that mitigating factors are present in this case which justify a downward variance.

The history and characteristics of the offender

We are all better than our worst decision. Admittedly Mr. Roach's conduct involved a complete lack of judgment and was a short-sighted, temptuous decision in an effort to solve his financial problems. However, Mr. Roach has been a law-biding citizen and a productive member of society his entire life. *See Exhibit 1, Support Letters*. He has no criminal convictions and has a long history of employment; sometimes multiple jobs at once. *See PSI ¶ 78*. Mr. Roach received a criminal justice degree from West Virginia State University in 1996. *PSI ¶ 71*. He has worked in the corrections field in various capacities and multiple facilities from 1997 to 2019. *PSI ¶ 71-3*. While working full time in the corrections field, he also maintained employment at Chick-Fil-A and McDonalds. *See PSI ¶ 80*. Even after the arrest in this matter, Mr. Roach took the initiative to find and maintain two jobs- first at Spring Hill Bakery as a dishwasher, and subsequently at One Stop Convenience Store. *See PSI ¶ 74-6*.

In a letter dated August 4, 2019, William Light, AADC, LPC, a gambling counselor with Associates in Counseling and Psychology, opined that Mr. Roach has an extensive history of gambling and developed a Gambling Disorder with led to financial difficulties and a desperate attempt to obtain cash. *See Exhibit 2, Light Letter*. Mr. Roach admits to having a gambling problem for 25 years, spending his entire paycheck on gambling, and that his addiction had

reached a "crisis level". *See PSI ¶ 67*. Due to his gambling, in 2017 Mr. Roach filed Chapter 7 Bankruptcy. *See PSI ¶ 83*. Mr. Light opines that:

> John's "gambling addiction" led to financial problems and desperation, and he accepted an offer to make some "quick cash" by delivering drugs. He used poor judgement and committed a crime to obtain money to relieve his financial issues. The client exhibits remorse for his gambling problems and the crime he was arrested for. He is working, paying debts, complying with counseling and legal issues. John appears to be a good candidate for probation, if that is a possibility in this case. He has two children and some family support. He has no history of any other legal issues and was gainfully employed for 20 years.

*See Exhibit 1, Light Letter*.

After the inmates became aware of Mr. Roach's financial/gambling problems, they took advantage of this vulnerability. *See PSI ¶ 22, 67*. At various times, several inmates began to ask him to smuggle contraband into the jail for money. *PSI ¶ 22*. Different inmates kept offering increasing levels of money to smuggle contraband and eventually, Mr. Roach agreed to accept $2,000.00 to sneak in a package. *PSI ¶22*. The offers for cash proved too tempting and Mr. Roach succumbed to his desire for a quick fix to his financial/gambling troubles.

Based on the foregoing, Mr. Roach moves for a downward variance due to his lack of criminal history, employment history, and the aberrational nature of his conduct.

<u>Kinds of sentences available and kinds of sentences and ranges established by the guidelines and pertinent policy standards</u>

Based on the total offense level of 21 and a criminal history category of 1, the guideline for imprisonment is 37 to 46 months. *PSI ¶ 85*.

<u>The need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment, afford adequate deterrence and protect the public.</u>

The crime for which Mr. Roach stands convicted is serious and deserving of punishment. However, Mr. Roach has lost his employment, his career of 20 years in corrections, and is no longer eligible for his retirement. Because he was a corrections officer, Mr. Roach will wear a very public scarlet letter with a felony conviction in his community. Mr. Roach's conduct was motivated by his need to feed his all-consuming gambling addiction. Mr. Roach's poor judgment was focused on the short-sighted goal of paying his bills and/or food to keep afloat. *PSI ¶ 67.*

<u>Need for the sentence to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner</u>

Mr. Roach intends to continue his gambling addiction counseling with William Light, AADC. LPC, with Associates in Counseling and Psychology if afforded the opportunity.

<u>The need to avoid unwarranted sentencing disparity</u>

The need to avoid unwarranted sentencing disparity is an important statutory concern for the Court. But it appears that nearly half of defendants sentenced with the career offender status receive substantial downward variances. Specifically, in Fiscal Year 2018, district judges varied from the guidelines range sentence for 47.1% of such offenders. Of that amount, 98.7% of the variances were downward variances. The average downward variance granted was 37.5%. (See <u>USSC Quick Facts: Career Offenders</u>, August 2019 (available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/quick-facts/Quick_Facts_Career_Offender_FY18.pdf)) This shows that a great many district judges have not hesitated to downward vary when an overly harsh result would follow from imposing a guidelines range sentence.

<u>The need to provide restitution to victims</u>

There is no identifiable victim in this case to whom restitution should be paid.

Based on the foregoing, Mr. Roach moves this Court for a downward variance in this matter, specifically a month incarceration followed by a period of supervised release with the additional term and condition of home confinement. Counsel does not anticipate calling any witnesses and expects the hearing should take no longer than 30 minutes.

John Roach
By Counsel

*/s/ Mark Plants*

Mark S. Plants WVSB#9760
Plants Law Offices
625 D Street
South Charleston, WV 25303
Fax: 304-744-9168
Tel: 304-744-9148

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.  Criminal No.: 2:19-00126

JOHN EDWARD ROACH, II

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the *Defendant's Amended Sentencing Memorandum* was served via EM/CMF email system to kathleen.robeson@usdoj.gov on the 13th day of November 2019.

*Mark P. Plants*

Mark S. Plants  WVSB#9760
Plants Law Offices
320 2nd Avenue
South Charleston, WV 25303
Fax: 304-744-9168   Tel: 304-744-9148