UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA


FILED
NOV 3 0 2020
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

United States of America,

v.        Case No. 2:19-CR-00126

John Edward Roach II

MOTION FOR RECONSIDERATION,
FOR COMPASSIONATE RELEASE, 18 U.S.C. §3582(c)(1)(A).

Now comes the defendant, John Roach, pro se, and respectfully request that this court review the facts in the defendants case, based on the merits, and the facts, for his Compassionate Release request. The defendant states that his operation that was highlighted in the denial was completed while the defendant was incarcerated and not before. It is this defendant' position that his medical situation, and the recent spike at the Edgefield Federal Prison Camp, where this defendant is being housed, makes him eligible for serious review for the Compassionate Release Request he submitted.

Signed
John Roach #15283-088
Edgefield Federal Prison
P.O. Box 725
Edgefield, S.C. 29824

## LEGAL STANDARD

Pursuant to 18 U.S.C. §3582(c)(1)(A), the court has broad discretion to reduce the term of imprisonment of a defendant upon motion of the defendant if, after considering the factors in 18 U.S.C. §3553(a), the court finds that "extraordinary and compelling reasons warrant such reduction."

    A) Extraordinary and Compelling Reasons:
        First, the Courts must determine if there are extraordinary and compelling reasons to reduce the inmate's sentence, 18 U.S.C. §3582(c)(1)(A). District Courts throughout the United States have held that the Covid-19 Pandemic has created extraordinary and compelling reasons to grant Compassionate Release to those at high-risk. **United States v. Rodriguez, No. 3-CR-271, 2020 WL 1627331, at *1, 7-9 (E.D. PA, April 1, 2020); United States v. Colvin, No. 19-CR-179-2020, WL 1613943, at * 2-4, (D. Conn., April 2, 2020); United States v. Zuckerman, No. 16-194, 2020 WL 1659880 at *5 (SDNY, April 3, 2020).**[2]

    B) Sentencing Factors of 18 U.S.C. §3553(a):
        Second, the Court must consider the sentencing factors in 18 U.S.C. §3553(a) to the extent they are applicable. Accordingly, the Court must consider the following:
        1) The nature and circumstances of the crime and the history and characteristics of the defendant;
        2) The need for the sentence imposed:
            (A) To reflect the seriousness of the offense to promote respect for the law and to provide punishment for the offense;

(B) To afford adequate deterrance to criminal conduct;
(C) To protect the Public from further crimes of the defendant.
3) The kind of sentences available;
4) The need to avoid unwarranted sentence disparities among defendants with similar crimes.

the reasons set forth below, granting a release Home Confinement satisfies the sentencing goals §3553(a):

Guidance to the BOP from the U.S. Attorney General in recognition of the risk Covid-19 presents to nates. The Attorney General on March 26 and April 2020,[3] issued directives to the BOP related to Covid- including a "non-exhaustive list of factors" the should consider regarding Home Confinement including

-Age and vulnerability to Covid-19 per the CDC and

-Priority given to inmates at low and minimum security facilities.

-The inmates conduct while in prison: No violent behavior; no gang-related activty; and no BOP violations in the past year.

-Priority given to those with 'minimum' PATTERN risk scores.

-The inmates has a verifiable re-entry plan.

-The inmate's crime of conviction and assessment of danger posed to the community.

April 3, 2020, the Attorney General specified that at-risk inmates be reviewed, not only those previously eligible for transfer.

The defendant meets all the criteria established for early release to Home Confinement:

---

Memoranda For The Director Of Bureau Prisons From Attorney General Barr Dated March 26, 2020 and April 3, 2020.

CERTIFICATE OF SERVICE

I, John Roach, the defendant, pro se, do hereby state that a true copy of the foregoing motion was placed in the Edgefield Federal Prison Camp Mail Box on, _____, day in the month of, _____ 2020.

Signed under the penalty of purjury.

_John E. Roach III_, Signed.
John Roach

John Edward Roach
#15283-088
F. P. C. EDGEFIELD
P. O. Box 725
Edgefield SC 29824

_____

2:19cr00126

_____



John Roach #15283-088
Edgefield Federal Prison Camp
P.O. Box 725
Edgefield, S.C. 29824

U.S. MARSHALS SERVICE
X-RAYED
BY:

Clerk of Courts
United States District Court
300 Virginia Street East, Room 2400
Charleston, W.V. 25301

RECEIVED
NOV 30 2020
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia